```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     CENTRAL DISTRICT OF CALIFORNIA
10                            WESTERN DIVISION
```

MICHAEL TODD MASTERSON,         )
            )
    Petitioner,  ) Case No. CV 12-4919-ABC(AJW)
            )
vs.            )
            )
TIM V. VIRGA, Warden,    ) MEMORANDUM AND ORDER
            ) DISMISSING PETITION[1]
    Respondent.  )
            )

    In 1992, petitioner was convicted of attempted murder and robbery in San Bernardino County Superior Court Case No. VCR 5649.[2] Petitioner was sentenced to state prison for a term of life plus 28 years. [Petition at 2].

    On May 21, 1998, petitioner filed a habeas petition in this Court in Case No. CV 98-3967-WMB(BQR). On January 19, 1999, petitioner filed another habeas petition in this Court in Case No. CV 99-469-WMB(BQR), which was consolidated with the 1998 case. On September 14, 1999,

---

  [1] Some of the following facts are obtained from the Court's files concerning petitioner's prior petitions. The Court takes judicial notice of such official court files. See Fed. R. Civ. P. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001).

  [2] Although there is no "Victorville Superior Court," there is a "Victorville District" of the San Bernardino County Superior Court.

petitioner filed a third habeas petition in this Court in Case No. CV 99-9312-WMB(BQR), which also was consolidated with the 1998 case. All three petitions alleged that petitioner's state court conviction in case no. VCR 5649 was unconstitutional, but each alleged different grounds for relief. On May 24, 2000, judgment was entered denying the consolidated petitions on the merits.

In 2000, petitioner filed two new habeas petitions in this Court. Case No. CV 00-5821-CAS(BQR) and Case No. CV 00-11519-ABC(BQR). The file in Case No. CV 00-11519(ABC)(BQR) included the Ninth Circuit's order denying petitioner's application for authorization to file a second or successive habeas petition. Both petitions were dismissed as successive, as were the subsequent petitions filed in Case Nos. EDCV 02-34-RT(AJW) and CV 06-6151-ABC(AJW).

The present petition was filed on June 5, 2012. Like the petitions previously filed by petitioner, the present petition challenges the validity of petitioner's 1992 conviction in case number VCR 5649 in the San Bernardino County Superior Court. [Petition at 2-6].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides

whether a second or successive petition may be pursued. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the court of appeals, this court lacks jurisdiction over this second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

Dated: June 12, 2012

*[signature: Audrey B. Collins]*

Audrey B. Collins
United States District Judge